UNITED STATES *v.* CASTLE & OVERTON, INC. (No. 3290)[1]

United States Court of Customs and Patent Appeals, April 10, 1930

*Charles D. Lawrence,* Assistant Attorney General (*James R. Ryan,* special attorney, of counsel), for the United States.
*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellee.

[Oral argument February 17, 1930, by Mr. Ryan and Mr. Place]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court sustaining, in part, a protest made by appellee.

The collector classified the merchandise as "woolen rags" and assessed thereon a specific duty of 7½ cents per pound under the provisions of paragraph 1105, Tariff Act of 1922, which reads as follows:

PAR. 1105. Top waste, slubbing waste, roving waste, and ring waste, 31 cents per pound; garnetted waste, 24 cents per pound; noils, carbonized, 24 cents per pound; noils, not carbonized, 19 cents per pound; thread or yarn waste, and all other wool wastes not specially provided for, 16 cents per pound; shoddy and wool extract, 16 cents per pound; mungo, woolen rags, and flocks, 7½ cents per pound. Wastes of the hair of the Angora goat, Cashmere goat, alpaca, and other animals shall be dutiable at the rates provided for similar types of wool wastes.

The importer in his protest claimed the merchandise to be free of duty as "junk, old," under the provisions of paragraph 1601 of said act. Alternative claims were made under paragraphs 1651, 1560, and 1547. It is unnecessary for us to consider these alternative claims, for it is conceded that the merchandise is dutiable under said paragraph 1105 or free of duty under paragraph 1601.

In the lower court no testimony was taken, and the cause was submitted upon the following stipulation:

It is hereby stipulated and agreed that the merchandise contained in bale No. WG8, enumerated on the invoice covered by the above entitled protest, consists of old woolen rags which are unsuitable for the purposes for which the

---

[1] T. D. 43976.

cloths were originally made, and in their condition as imported are fit only for manufacture into shoddy, and that the merchandise covered by the remaining bales enumerated on said invoice consists of new woolen rags, the chief use of which is to be remanufactured into shoddy; it is further stipulated and agreed that said bale WG8 weighs 430 pounds net.

The protest is submitted.

The lower court overruled the protest in so far as it covered new woolen rags, and sustained it as to old woolen rags, holding that such rags were free of duty as "junk, old," under paragraph 1601, as claimed by appellee.

The only question before us is whether old woolen rags are more specifically described in paragraph 1105, as claimed by the Government, or in paragraph 1601, as held by the lower court.

"Junk" is defined in Webster's New International Dictionary as follows:

.3. Old iron, or other metal, glass, paper, cordage, or other waste or discarded material which may be treated or prepared so as to be used again in some form.

It is defined in Funk & Wagnalls Standard Dictionary as follows:

2. Cast-off material of any sort that can be put to some use; odds and ends, as scrap-iron, old bottles, or paper.

The term "woolen rags" in paragraph 1105 clearly includes all woolen rags, old and new. The stipulation recites that the old woolen rags here in issue are unsuitable for the purposes for which the cloths were originally made, and in their condition as imported are fit only for manufacture into shoddy.

The provision in paragraph 1105 under which these woolen rags were held dutiable reads—

mungo, woolen rags and flocks, 7½ cents per pound.

"Mungo" is defined in Funk & Wagnalls Standard Dictionary as follows:

The waste produced in a woolen mill from hard-spun or felted cloth (hard rags) and used in connection with wool, cotton, or better grades of waste in the manufacture of back-yarns or cheap cloth. Compare shoddy.

It defines "flock" as follows:

1. Finely ground wool, cloth, rags, felt or vegetable fiber, used for coating wallpaper; wool-dust. 3. Short refuse wool.

"Shoddy" is defined in the same work as follows:

1. Fiber remanufactured of shredded rags of stockings, yarns, flannels, and other soft woolen fabrics; distinguished from *mungo*, which is made from shreds and clippings of milled woolen cloths; also, cotton fabric similarly made.

We think it is clear that while old woolen rags may be "junk, old," being specifically named in the quoted provision in paragraph 1105, they are there more specifically described than under paragraph 1601,

and should be so classified. This conclusion is strengthened when the words with which they are associated are considered.

To hold the merchandise here in question to be "junk, old," would, we think, clearly be contrary to the intention of Congress expressed in the provision quoted from paragraph 1105. "Junk, old," is a descriptive term covering a wide range of articles, while the words "woolen rags" are definite and certain.

We think that the reasoning of this court in the case of *Wilson & Son* v. *United States*, 6 Ct. Cust. Appls. 255, T. D. 35476, is applicable in principle to the facts in this case.

The judgment of the Customs Court is *modified*, being *reversed* as to the old woolen rags in question, and in all other respects *affirmed*. The case is *remanded* for further proceedings in conformity with this opinion.